# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ANJO; LUIS AURELIO MARTINS ANJO; and MARIA FATIMA ANJO,<br><br>    Plaintiff,<br>v.<br>CITY OF SAN DIEGO, a municipal Corporation,<br><br>    Defendant. | CASE NO. 14cv2657-WQH-BGS<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is Defendant's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss. (ECF No. 24)

**I. Background**

    On November 7, 2014, Plaintiffs commenced this action by filing the Complaint against City of San Diego and Does One through Ten, inclusive. (ECF No. 1). On December 9, 2014, the parties stipulated that Plaintiff would "file a First Amended Complaint [("FAC")] deleting the Doe defendants." (ECF No. 4).

    On December 16, 2014, Plaintiffs filed the FAC naming only the City of San Diego. (ECF No. 6). Plaintiffs allege (1) violations of Franks Anjo's rights under California's Fair Employment and Housing Act and the California Civil Code; and (2) violation of Luis Aurelio Martins Anjo and Maria Fatima Anjo's civil rights under 42 U.S.C. § 1983. (ECF No. 6).

    On January 6, 2015, Defendants filed the Answer. (ECF no. 7). On May 14,

2015, the Court issued a Scheduling Order. (ECF No. 19). The Court ordered, "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **June 1, 2015**." *Id.* at ¶ 1. The Court also ordered, "All fact discovery shall be completed by all parties by **July 3, 2015**." *Id.* at ¶ 2.

On February 4, 2016, Defendant filed the Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss. (ECF No. 24). On February 22, 2016, Plaintiffs filed a response in opposition. (ECF No. 29). On February 26, 2016, Defendants filed a reply (ECF No. 30) and a Request for Judicial Notice (ECF No. 31).

**III. Standard of Review**

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c), which states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgement on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted). "Analysis under Rule 12(c) is substantially identical to analysis under [Federal] Rule [of Civil Procedure] 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.* (quotation omitted). To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

*Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). If a court grants judgement on the pleadings, it is a decision on the merits. *See General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989).

**III. Discussion**

    **A. Judicial Notice**

Defendant requests that the Court take judicial notice of: (1) Plaintiff's complaint (ECF No.1); (2) the Joint Motion to Amend Complaint and Terms of Answer (ECF No. 4); (3) Plaintiff's FAC (ECF No. 6); (4) Joint Discovery Plan (ECF No. 9); (5) Joint Motion to Continue the Early Neutral Evaluation Conference (ECF No. 14); and (6) Scheduling Order (ECF No. 19). (ECF No. 31).

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 210(b). Plaintiff does not object to or question the authenticity of the documents filed by Defendants therefore the Court will take judicial notice of Defendant's six documents.

    **B. Motion for Judgment on the Pleadings**

Defendant contends that Plaintiffs' third claim for alleged violations of their civil rights under 42 U.S.C. § 1983 "must fail" because Plaintiffs only named the City in their FAC and the City cannot be held liable under Section 1983. (ECF No. 24-1 at 5). Defendant contends that Plaintiffs have failed to allege a *Monell*[1] claim against Defendant because Plaintiffs did not allege that the "allegedly unconstitutional activities of the police officers were performed pursuant to a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the entity's] officers.'" *Id*. at 6. Defendant contends that the Court should dismiss Plaintiffs' pendent state claims as well. Defendant contends that the Court should decline to assert jurisdiction

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978)

over Plaintiff Frank Anjo's remaining state law claims.

Plaintiffs contend that "Plaintiffs never intended to allege a *Monell* claim" against Defendant for allegedly having an unconstitutional policy or practice. (ECF No. 29 at 2). Plaintiffs contend that "[f]rom the outset, Plaintiffs intended to add individuals as party-defendants in this case." *Id*. at 2. Plaintiffs contend that "[p]rior to Defendant filing this Motion, but after the deadline in this Court's scheduling order, Plaintiffs became aware of the identity of the 'DOES' through the discovery process." *Id*. Plaintiffs request leave from the Court to amend their pleadings.

The third claim for relief by Plaintiffs Luis Aurelio Martins Anjo and Maria Fatima Anjo alleges violations of their civil rights under 42 U.S.C. § 1983. Plaintiffs allege that unnamed police officers searched their residence unlawfully and violated their Fourth Amendment rights. (ECF No. 6 at 35). The only named defendant at this stage in the proceedings is the City of San Diego. Defendant's motion for judgment on the pleadings is granted as to Plaintiffs' third claim for relief. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978) (A local government cannot be held liable "solely because it employs a tort-feasor—in other words, a local government cannot be hld liable under § 1983 on a *respondeat superior* thoery.")

**IV. Conclusion**

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings is granted as to Plaintiffs' third claim for relief. (ECF No. 24). Plaintiffs' remaining state law claims shall remain pending further Order of the Court.

IT IS FURTHER ORDERED that any Motion for Leave to File an Amended Complaint shall be filed by May 23, 2016. Any responses shall be filed by June 2, 2016. Any reply shall be filed by June 9, 2016.

DATED: May 10, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge