# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ANJO; LUIS AURELIO MARTINS ANJO; and MARIA FATIMA ANJO,<br><br>                    Plaintiff,<br>    v.<br>CITY OF SAN DIEGO, a municipal Corporation,<br><br>                    Defendant. | CASE NO. 14cv2657-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Defendant's Motion for Leave to File Second Amended Complaint. (ECF No. 33).

**Background**

On November 7, 2014, Plaintiffs commenced this action by filing the Complaint against City of San Diego and Does One through Ten, inclusive. (ECF No. 1). On December 9, 2014, the parties stipulated that Plaintiffs would "file a First Amended Complaint [("FAC")] deleting the Doe defendants." (ECF No. 4).

On December 16, 2014, Plaintiffs filed the FAC naming only the City of San Diego. (ECF No. 6). Plaintiffs allege (1) violations of Franks Anjo's rights under California's Fair Employment and Housing Act and the California Civil Code; and (2) violation of Luis Aurelio Martins Anjo and Maria Fatima Anjo's civil rights under 42 U.S.C. § 1983. (ECF No. 6).

On January 6, 2015, Defendants filed the Answer. (ECF No. 7). On May 14,

1  2015, the Court issued a Scheduling Order. (ECF No. 19). The Court ordered, "Any
2  motion to join other parties, to amend the pleadings, or to file additional pleadings shall
3  be filed by **June 1, 2015**." *Id.* at ¶ 1. The Court also ordered, "All fact discovery shall
4  be completed by all parties by **July 3, 2015**." *Id.* at ¶ 2.

5      On February 4, 2016, Defendant filed the Motion for Judgment on the Pleadings,
6  or in the Alternative, Motion to Dismiss. (ECF No. 24). On May 10, 2016, the Court
7  granted the City's Motion as to Plaintiffs' third claim for relief, which alleged
8  violations of Plaintiffs' civil rights under 42 U.S.C. § 1983. The Court noted that the
9  only named defendant was the City and that a local government could not be held liable
10 under § 1983. The Court stated that Plaintiffs' remaining state law claims shall remain
11 pending.

12     On May 23, 2016, Plaintiffs filed the Motion for Leave to File a Second
13 Amended Complaint. (ECF No. 33). On June 2, 2016, Defendant filed an opposition.
14 (ECF No. 34). On June 9, 2016, Plaintiffs filed a reply. (ECF No. 35).

15                           **Discussion**

16     Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given
17 when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with
18 extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
19 Cir. 2003) (quotation omitted). Once a Court has entered its pretrial order, the party
20 seeking to modify the scheduling order must satisfy the more stringent "good cause"
21 showing required under Federal Rule of Civil Procedure 16. *Johnson v. Mammoth*
22 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal
23 amendment policy which focuses on the bad faith of the party seeking to interpose an
24 amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard
25 primarily considers the diligence of the party seeking the amendment." *Id.*

26     In this case, on May 14, 2015, the Court ordered that "[a]ny motion to join other
27 parties, to amend the pleadings, or to file additional pleadings shall be filed by June 1,
28 2015." (ECF No. 19 at 1). The Court also ordered that "[a]ll fact discovery shall be

1  completed by all parties by July 3, 2015." *Id.* Plaintiffs have not given any explanation
2  as to why they have delayed naming the eight individual defendants by almost one year
3  after the June 1, 2015 deadline to file any motion to amend the pleadings and eleven
4  months after the close of discovery.[1]  Further, after review of the proposed SAC, the
5  Court finds that the proposed SAC merely adds the names of eight individuals, but fails
6  to include any new facts or allegations as to what these eight individuals allegedly did
7  to violate their civil rights.  The Court concludes that Plaintiffs have not demonstrated
8  good cause as to why they have delayed in naming the eight individual defendants.

## Conclusion

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint (ECF No. 33) is denied.  Any motion to remand the case shall be filed by August 8, 2016.  Any responses shall be filed by August 15, 2016.  Any reply shall be filed by August 22, 2016.

DATED:  August 2, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] Plaintiffs assert that their proposed SAC is timely based on the Court's May 10, 2016 order, which stated that any Motion for Leave to Amend had to be filed by May 23, 2016. (ECF No. 32).  That order merely set forth a schedule for Plaintiffs to file a Motion for Leave to Amend.