# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ANJO; LUIS AURELIO MARTINS ANJO; and MARIA FATIMA ANJO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal Corporation,<br><br>Defendant. | CASE NO. 14cv2657-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Remand to State Court filed by the City of San Diego ("Defendant") . (ECF No. 40).

## I. Background

On November 7, 2014, Plaintiffs commenced this action by filing the Complaint against City of San Diego and Does One through Ten, inclusive. (ECF No. 1). On December 9, 2014, the parties stipulated that Plaintiffs would "file a First Amended Complaint [("FAC")] deleting the Doe defendants." (ECF No. 4).

On December 16, 2014, Plaintiffs filed the FAC naming only the City of San Diego. (ECF No. 6). Plaintiffs allege (1) violations of Frank Anjo's rights under California's Fair Employment and Housing Act and the California Civil Code; and (2) violation of Luis Aurelio Martins Anjo and Maria Fatima Anjo's civil rights under 42 U.S.C. § 1983. (ECF No. 6).

On May 10, 2016, the Court granted Defendant's Motion for Judgment on the

Pleadings as to Plaintiffs' third claim for relief, which alleged violations of Plaintiffs' civil rights under 42 U.S.C. § 1983. (ECF No. 32). The Court noted that the only named defendant was the City and that a local government could not be held liable under § 1983 "*solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 4 (citing *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978)). The Court stated that Plaintiffs' remaining state law claims shall remain pending.

On August 2, 2016, the Court denied Plaintiffs' Motion for Leave to File Second Amended Complaint. (ECF No. 36). The Court found there was no good cause as to why Plaintiffs "delayed naming the eight individual defendants by almost one year after the June 1, 2015 deadline to file any motion to amend the pleadings and eleven months after the close of discovery." *Id.* at 3. The Court held that Plaintiffs had "not demonstrated good cause as to why they have delayed in naming the eight individual defendants." *Id.* Defendant requested the Court remand the matter to state court. (ECF No. 34 at 6, 17). The Court ordered that "[a]ny motion to remand the case shall be filed by August 8, 2016. Any responses shall be filed by August 15, 2016. Any reply shall be filed by August 22, 2016." (ECF No. 36 at 3).

On August 22, 2016, Defendant filed the Motion to Remand to State Court. (ECF No. 40). As of the date of this Order, Plaintiffs have failed to file an opposition.

**II. Analysis**

28 U.S.C § 1367(a) states:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(c)(3) states that a "district court[] may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" If a federal court dismisses the federal claims in a case "before trial, even though not insubstantial in a

jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). While the Supreme Court has subsequently "made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases . . . [t]he statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (citing *Rosado v. Wyman*, 397 U.S. 397, 403-05 (1970)).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.) (en banc) (citation omitted). The Court of Appeals stated that "[d]epending on a host of factors, then – including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims – district courts may decline to exercise jurisdiction over supplemental state law claims." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997); *see also Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (holding that "once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims.").

Defendant contends that the Court should remand this action to state court "[i]n light of the dismissal of the only federal law claim, count three of the FAC, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331 to entertain Plaintiffs' state law causes of action." (ECF No. 40-1 at 4). Defendant contends that this Court "should decline to address" Plaintiffs' state law claims because these "claims predominate their FAC [and] considerations of judicial economy, convenience and fairness to the parties do not strongly support the retention of jurisdiction." *Id.*

Plaintiffs have not filed an opposition to Defendant's motion.

Original jurisdiction in this matter arose under the federal question statute, 28 U.S.C. § 1331, based on Plaintiffs' claim under 42 U.S.C. § 1983. *See* ECF No. 6 at ¶ 6. The § 1983 claim arose from an alleged violation of Plaintiffs Luis Aurelio Martins Anjo and Maria Fatima Anjo's civil rights, based on a home search that took place after the alleged conduct relating to the San Diego Fire Department. The Court dismissed the § 1983 claim on May 10, 2016. (ECF No. 32). Plaintiff Frank Anjo did not assert a § 1983 claim. The only remaining causes of action in this case are Plaintiff Frank Anjo's claims for violations of California's Fair Employment and Housing Act and the California Civil Code. These claims arise from an alleged failure to accommodate and wrongful termination of Plaintiff Frank Anjo from the San Diego Fire Department.

This Court "has dismissed all claims over which it ha[d] original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Upon review of "the circumstances of th[is] particular case [and] the nature of the state law claims[,]" the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *City of Chicago*, 522 U.S. at 173. Plaintiffs' remaining state law claims are brought solely by Plaintiff Frank Anjo, and the claims arise out of a distinct set of facts that differs from the set of facts underlying the § 1983 claim. These claims are appropriately resolved by the state court. This case was originally filed in federal court, and this Court has no authority to remand. *See* 28 U.S.C. § 1447.

**III. Conclusion**

IT IS HEREBY ORDERED that this action is dismissed without prejudice. The Clerk of the Court shall close this case.

DATED: October 24, 2016

**WILLIAM Q. HAYES**
United States District Judge